UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDIA JOYCIA FORD                       CIVIL ACTION

VERSUS                                            NO. 12-965

BRITISH PETROLEUM                      SECTION "G" (2)

## ORDER ON MOTION

APPEARANCES:    None (on the briefs)

MOTION:           Plaintiff's Motion to Amend Complaint, Record Doc. No. 8

O R D E R E D:

 XXX : GRANTED. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to plaintiff's Motion to Amend Complaint, Record Doc. No. 8, submitted for decision on August 1, 2012 without oral argument, was timely submitted. Instead, defendant filed an untimely memorandum in opposition on July 27, 2012, without seeking leave of court to do so, Record Doc. No. 11, which I have considered nevertheless. Accordingly, **IT IS ORDERED** that the motion is granted for the following reasons.

       The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

No scheduling order setting a deadline to amend pleadings has yet been entered in this matter. Under these circumstances, I cannot find that undue delay, dilatory motive or bad faith are involved in the filing of the motion. It does not appear that undue prejudice to the opposing party in its ability to prepare defenses would result from allowing the amendment, since ample preparation time remains and no trial date has yet been set. Finally, I cannot conclude on the basis of the current record that the amendment is futile. In addition, a motion to dismiss has been filed and dismissed without prejudice as premature, Record Doc. Nos. 7 and 10, and dismissal for failure to state a claim ordinarily should not occur before plaintiff is provided with an opportunity to amend. Litson-Gruenber v. JPMorgan Chase & Co., No. 7:09-cv-056-0, 2009 WL 4884426, at *6 (N.D. Tex. Dec. 16, 2009) (citing Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000)); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). This is that opportunity. For all of the foregoing reasons, leave to file the amendment is granted.

New Orleans, Louisiana, this 31st day of July, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE