UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDIA JOYCIA FORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-965** |
| **BRITISH PETROLEUM** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Defendant British Petroleum's ("Defendant") Motion to Dismiss[1] pursuant to Federal Rule of Civil Procedure 12(b) for (1) lack of subject matter jurisdiction; (2) improper venue; and (3) failure to state a claim upon which relief can be granted. The Court has considered the complaint, the parties' respective briefs, the record, and the applicable law. For the reasons set forth below, the Court will grant the motion and dismiss Brendia Ford ("Plaintiff") claims against British Petreleum.

### I. Background

*A. Factual Background*

Plaintiff alleges that she is the Trustee of the James A. Ford Living Trust and Bradford-Ford Foundation ("Trust").[2] Plaintiff alleges that in her role as trustee, she is "governing properties and business affairs, assets, IRS affairs (tax, liens, payment agreements) [sic] etc. for assets in California, Arkansas, Missouri, and Louisiana."[3] According to Plaintiff, "[t]he Trust is housed in New Orleans, Louisiana."[4] Plaintiff alleges that, "[t]he Trust was established on February 16, 1921 in the Supreme

---

[1] Rec. Doc. 64.

[2] Rec. Doc. 13 at 2.

[3] *Id.*

[4] *Id.* at 3.

Court."[5] Later, the Plaintiff notes that as a result of litigation in "Supreme Court Case No. 25,021 filed May 1, 1922," "no other entity (bank, oil company) shall be listed an agent of the Bradford lands, funds, revenues oil and gas."[6] "The lands," Plaintiff contends, "were purchased through the Federal Home Loan Bank of New Orleans."[7] Plaintiff alleges that

> The Trust land resources of oil/gas royalty revenues, production determination, and authorized oil/gas leases are not available to the Trustee (Brendia Joycia Ford) for inspection, validity, and approval. The proper payment of oil, gas, and other revenue with interest due the Trust is overdue. The U.S. Internal Revenue Service (IRS) shows taxes due to the U.S. Treasury based upon oil/gas reported by oil and or other entities.[8]

According to Plaintiff, "[a]ll leases, fund royalties were filed under the 1920 Act of Congress and the Mineral Act of 1921 govern [sic] by the United States Department of Interior."[9] Plaintiff avers that "the 1921 Mining Act and The [sic] Act of Congress 1920 applies to oil and gas leases entered into by the Defendant from 1953 thru [sic] 2012."[10] Plaintiff alleges that British Petroleum is "operating and/receiving benefits under these old leases" in apparent violation of the law.[11]

Plaintiff requests that the Court "grant relief by requiring immediate release of funds of said financial entities and injunction against ALL entities who are taking mineral resources without the approval of the Trustee of the Trust."[12]

---

[5] *Id.* at 3.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 3.

*B. Procedural Background*

On April 13, 2012, Plaintiff, acting *pro se*, filed this complaint in the above-captioned matter, alleging various violations of law.[13] To address a Rule 12(b) motion filed by Defendant regarding the complaint, Plaintiff filed an amended complaint ("Amended Complaint") on July 31, 2012.[14] In response to the Amended Complaint, Defendant filed another Rule 12(b) motion on August 23, 2012.[15] The Court denied that motion without prejudice and stated that Defendant could re-file it if the Court determines that it has subject matter jurisdiction.

On March 8, 2013, the Court issued an Order instructing Plaintiff to amend her Amended Complaint, as the Court could not determine subject matter jurisdiction from it.[16] In lieu of filing an amended complaint, Plaintiff requested the Court to allow her to provide it with potentially privileged or confidential documents.[17] With no objection from Defendant, the Court allowed Plaintiff, at Plaintiff's request, to submit certain documents Plaintiff claimed were confidential to the Court for *in camera* review to determine the basis of Plaintiff's claim, whether she was the proper person to bring these claims, and whether this Court has subject-matter jurisdiction.[18]

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 13.

[15] Rec. Doc. 18.

[16] Rec. Doc. 29

[17] Rec. Doc. 30

[18] *Id.*

3

On November 27, 2013, the Court granted Plaintiff's Motion for Leave to Amend Complaint[19] and accepted as filed Plaintiff's Second Amended Complaint on that same day.[20] Defendant re-filed its 12(b) motion on December 20, 2013.[21] Plaintiff filed a response in opposition to Defendant's motion on January 10, 2014,[22] and asked that her memorandum be construed as yet another amended complaint, her third amended complaint.[23]

## **II. Parties' Arguments**

### *A. British Petroleum's Arguments in Support of Motion to Dismiss*

Defendant seeks dismissal of Plaintiff's complaint on three grounds.[24] First, Defendant contends that this Court lacks subject-matter jurisdiction over the case.[25] Second, Defendant argues that, even if subject-matter jurisdiction exists, Plaintiff has filed her action in an improper venue.[26] Third and finally, Defendant maintains that Plaintiff has failed to plead her claims with the requisite specificity required by Federal Rule of Civil Procedure 8(b).[27]

Defendant argues that Plaintiff's federal claims for civil rights violations under the Fourth and Fourteenth Amendments to the United States Constitution cannot support federal jurisdiction

---

[19] Rec. Doc 61.

[20] Rec. Doc. 62.

[21] Rec. Doc 64.

[22] Rec. Doc. 69

[23] *Id.* at 3.

[24] Rec. Doc. 64. at 4.

[25] *Id.*

[26] *Id.*

[27] *Id.*

4

in this case because no entity of British Petroleum "constitutes, or is an arm of, the federal or state government; Plaintiff has not made any allegation to that effect nor has Plaintiff named any federal or state body or official as a defendant in this action."[28] From this, Defendant concludes that, "[c]onsequently, the Fourth and Fourteenth Amendments of the Constitution would not appear to provide subject matter jurisdiction without certain additional factual allegations by Plaintiff."*[29]* Morever, Defendant maintains that Plaintiff has not "pled any facts whatsoever suggesting that Defendant engaged in a 'civil rights violation.'"[30]

In addition, Defendant argues that venue is improper because "the Trust formation document dated in 2007 (and recorded as Instrument No. 2007-07938 in the conveyance records of Orleans Parish) reveals that the Trust is a Virginia Trust and '[i]nitially, the place of administration of this Trust is Virginia.'"[31] Thus, Defendant argues that "[t]here is nothing that ties this Trust to New Orleans except for the fact that (a) Plaintiff has chosen to file one or more documents regarding the Trust in Orleans Parish and (b) the IRS filed a notice of tax lien . . . in Orleans Parish."[32] Moreover, Defendant argues that there is nothing to tie Plaintiff to the Eastern District of Louisiana: "Plaintiff cannot dispute that she, the Trustee, has resided in Baton Rouge (and not in New Orleans) for a number of years, including during the entire pendency of this action."[33] Defendant argues that the residence of the Trustee "should be deemed to be" the location of the Trust, meaning in practical

---

[28] *Id.*

[29] *Id.* at 4–5.

[30] *Id.* at 5.

[31] *Id.* at 5.

[32] *Id.* at 5–6.

[33] *Id.* at 6.

5

terms that "the location of the Trust should be deemed to be Baton Rouge, which is in the Middle District of Louisiana."[34] Defendant argues that Plaintiff cannot claim venue in the Eastern District of Louisiana based on 28 U.S.C. § 1391(b)(1) because "Plaintiff offers nothing, whether Secretary of State records or any other item of information, that shows her particularly-named defendant [British Petroleum–Tulsa, Oklahola] . . . is a 'resident' anywhere within the State of Louisiana, or at least the Eastern District of Louisiana."[35]

Based on 28 U.S.C. § 1391(b)(2), Defendant maintains that "the proper venue for this action is the Western District of Louisiana."[36] Venue there is proper because "Plaintiff has filed, or has caused the filing, of numerous documents regarding the so-called Trust and related family issues, including family succession pleadings, in parishes in North Louisiana, namely Caddo and Bossier Parishes."[37] Moreover, Defendant argues that "the only property ever identified to date by Plaintiff on which she claims Defendant may have conducted mineral operations . . . [is] Caddo Parish."[38] That makes venue proper "in the Shreveport Division of the United States District Court for the Western District of Louisiana, under 28 U.S.C. § 1391(b)(2)."[39]

Finally, Defendant argues that Plaintiff's claims, which "remain extremely vague and confusing," should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[40] In addition,

---

[34] *Id.*

[35] *Id.* at 7.

[36] *Id.*

[37] *Id.* at 7–8.

[38] *Id.* at 8.

[39] *Id.*

[40] *Id.* at 9.

6

Defendant asserts that Plaintiff's claim lack sufficient detail to survive a Rule 12(b)(6) motion to dismiss. Specifically, Defendant points to the fact that "Plaintiff has not mentioned, or produced, as part of her pleadings in this action any royalty demand letter," as Louisiana Revised Statute 31:137 requires in making a claim for unpaid royalties.[41] According to Defendant, "[t]he burden of proof is on Plaintiff to establish her compliance with La. R.S. 31:137; this she has utterly failed to do."[42] Moreover, Defendant points out that Plaintiff acknowledges she has received royalties on the property she has identified since 2003.[43] Thus, any royalties preceding 2003 for which Plaintiff may have a claim are "barred as a matter of prescription under Louisiana law," because a suit to recover underpayment of royalties is subject to three-year liberative prescription pursuant to Louisiana Civil Code article 34494(5) and Plaintiff did not bring this suit until 2012.[44]

### B. Ford's Arguments in Response and in Opposition

Plaintiff "avers that the Plaintiff satisfied the requirement of notice pleading and (b) that the requirements for the claim has [sic] been satisfied. The Defendant is in error with the statement of non-compliance of the notice pleading and claim."[45] Plaintiff continues that, "Defendant Rule 12(b) Motion to Dismiss is not applicable in this case because the Counsel for Defendant defense is using an insufficient defense."[46]

As for the civil rights claim,

---

[41] *Id.* at 9–10.

[42] *Id.* at 10.

[43] *Id.* at 11.

[44] *Id.* at 12.

[45] Rec. Doc. 69 at 5.

[46] *Id.* at 6.

> Plaintiff avers that 42 U.S.C. §2000d-4a Section(3)(A) states that an entire corporation, partnership, or private organization, or an entire sole proprietorship can be liable, if a person in the United States shall, on the ground of race, color, or national origin....be denied the benefits of based on race...., if that corporation receives federal (i.e. grants, loans, other support....). Therefore, Counsel for Defendant represents a corporation that receives federal assistance via subsidies. The Defendant represents [Defendant], a corporation that receives federal assistance. Thus, the denial of benefits based under the 1964 Civil Rights Acts applied under Section 2000d . . . .[47]

Regarding the venue issue, Plaintiff asserts that "venue in this Court is proper. The Defendant is in error."[48] Specifically, Plaintiff argues that, "[the] Trust should never be deemed to Baton Rouge (Middle District) due to the connection of the former employee of the same legal entity this would constitute a conflict of interest."[49] Plaintiff goes on to explain that "[U]nder 28 U.S.C. § 1391(b)(3). [sic] Eastern District is the proper venue."[50] Plaintiff continues, "The Eastern District of Louisiana is the only judicial district in Louisiana that can assist this Pro Se Counsel representative for the following reasons: Under 28 U.S.C. § 1391 (b) [sic] the Eastern District of Louisiana is the only judicial district of Louisiana."[51] "Plaintiff financially could not hire an attorney therefore Plaintiff was forced to perform as a Pro Se Counsel. The Pro Se Department at Eastern District New Orleans was and is the only location that has a functioning Pro Se Department. This office is vital to the efforts of the Plaintiff Pro Se Counsel for the administration of justice."[52] Plaintiff also argues for proper venue on the basis of *forum non conveniens*:

---

[47] *Id.* at 6 –7 (emphasis omitted).

[48] *Id.* at 9.

[49] *Id.* at 10.

[50] *Id.* at 12.

[51] *Id.* at 14.

[52] *Id.* at 14–15.

8

> Plaintiff aver that on the basis of forum non conveniens, under 2828 [sic] U.S.C. § 1412 in the interest of Justice and for the reasons that property that is in question on the Department of Treasury IRS, and the fact that this Honorable Court has proper personal jurisdiction over the case 28 U.S.C. § 1391 (c) (ii) [sic] (1) regarding minimum contacts since [Defendant] has an office in New Orleans, Louisiana during the period of [Defendant's] Contracts with the heirs. Therefore, Plaintiff avers that the 'minimum contact' threshold is met in the law cited above in this section. The law states that for the purpose of venue a Defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction commence. [sic] Therefore, venue used by the Plaintiff is proper.

As for the prescription issue, "Plaintiff aver [sic] that the time period for unpaid royalties are 1949 to present beyond a reasonable doubt. The statement that Plaintiff received royalties is totally false. A royalty interest is totally different from royalties. Plaintiff aver [sic] the Defendant is in error."[53] Later, Plaintiff makes the contrary argument, arguing that

> The Defendant presented royalty interest checks that equal $40,583 for the combined years of 2005 to 2013. This is equal to $4,509/year over nine years. Also, it is hard to fathom that 136 oil and gas wells paying 12.5% would yield only $4,500/per year from 1949 to 2013. It is more alarming to pay $828/year for 136 wells if the years are calculated from 1964 to 2013. It seems reasonable for the Defendant to provide royalty checks from 1964 to 2004 since Defendant presented royalty interest checks from 2005 to 2013 ONLY.[54]

### **III. Standard on a Motion to Dismiss**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[55] "A motion to dismiss on the basis of the pleadings alone should rarely be granted."[56] Although a court must accept the factual allegations in the pleadings as true, the plaintiff must plead

---

[53] *Id.* at 17.

[54] *Id.* at 21.

[55] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[56] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

9

enough facts to state a claim for relief that is plausible on its face.[57] "Determining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[58] "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[59] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[60] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.[61]

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[62]

## IV. Law and Analysis

### A. Whether This Court Has Subject-Matter Jurisdiction

Regarding subject-matter jurisdiction, it appears that this Court may be able to assert diversity jurisdiction over this matter. Plaintiff is a resident of Louisiana and Defendant of another

---

[57] *Doe*, 528 F.3d at 418 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[58] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[59] *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 n. 7 (5th Cir. 2004).

[60] *Ashcroft*, 556 U.S. at 678–79 (internal quotation marks omitted).

[61] *Twombly*, 550 U.S. at 555–56.

[62] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. Rule Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

state or country. Plaintiff appears to allege an amount that would satisfy the $75,000 amount in controversy threshold for diversity jurisdiction,[63] even if rather indirectly. Plaintiff alleges that she received on average, royalties of "$4,500 per year,"[64] which represents a yield of "only .0003%."[65] However, Plaintiff claims to be entitled to royalty payments of 12.5% under her royalty agreement with Defendant.[66] Thus, that means for a single year, Plaintiff would be entitled to royalty payments of $1.875 million, well in excess of the amount in controversy threshold to establish federal jurisdiction. Moreover, diversity appears to exist between the parties, since Plaintiff is a resident of Louisiana and Plaintiff appears to assert[67] that Defendant (and Defendant has not denied) that it is a non-resident of Louisiana. The Court finds enough to indicate Plaintiff has stated information that could support diversity jurisdiction.

## B. Whether Ford States a Claim for Which Relief May be Granted

As noted above, Defendant seeks dismissal of Plaintiff's complaint on three grounds. First, Defendant argues that this Court lacks subject-matter jurisdiction over the matter because there is no federal question presented, and Plaintiff has not alleged diversity jurisdiction. Second, Defendant argues that venue is improper because the Trust is not administered here, the Trustee does not reside here, and property relating to the Trust is also not located here. Third, Defendant argues that the complaint, after taking away its bare legal conclusions, does not allege sufficient facts to state a

---

[63] *See* 28 U.S. Code § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .")/

[64] Rec. Doc. 69 at 21.

[65] *Id.* at 22.

[66] *Id.* at 21.

[67] *See id.* at 24 (noting that the registered agent of BP sent his letter from Oklahoma).

claim for underpaid royalties.

Plaintiff's complaint fails to state a claim. Plaintiff has had repeated opportunities to amend her complaint, and the Court has held a number of status conferences to help it understand the Plaintiff's allegations, taking into consideration that Plaintiff is representing herself in this matter. Despite these efforts, the Court has been unable to ascertain facts sufficient to find that Plaintiff has stated a claim for which relief may be granted. In particular, Plaintiff has not alleged any facts showing that she can make a colorable claim for royalty payments. Plaintiff acknowledges that she received royalty checks for the years 2005 to 2013.[68] She claims that the payment she received, which she calculates as averaging to only $4,509 annually, shows that she was underpaid. As Plaintiff puts it, "[I]t is hard to fathom that 136 oil and gas wells paying 12.5% yield only $4,500/per year . . . ."[69] While at one point Plaintiff speculates that her payment amounts to a yield of only .0003%,[70] Plaintiff does not explain how she arrived at that figure.  She neither marshals evidences nor alleges facts showing that she was entitled to more than $4,500 aside from alleging that there are 136 oil and gas wells and that they should pay a yield of 12.5%. Plaintiff has identified no facts for this Court that would allow the Court to draw the inference that her claims are plausible, as *Twombley* and *Iqbal* require of it. Moreover, Plaintiff, despite repeated opportunities in pleadings and status conferences, has not brought forth any royalty demand letter, as Louisiana Revised Statute 31:137 requires. Plaintiff simply replies that "There was no R.S. 31:137 involved in this arena."[71]

---

[68] Rec. Doc. 69 at 21.

[69] *Id.*

[70] *Id.* at 22.

[71] *Id.* at 24.

Nor does Plaintiff address Defendant's affirmative defense that the claims for any royalties before 2009 are prescribed. For these reasons, Plaintiff, despite numerous occasions, has failed to allege a claim for underpaid royalties.

Additionally, Plaintiff does not allege sufficient facts to support her federal claims. As Defendant points out, Defendant, as a private entity, is not subject to the Fifth or Fourteenth Amendment. As for the 1964 Civil Rights Act, Plaintiff does not even allege what protected category she qualifies for or how Defendant has discriminated against her on the basis of some protected status. Moreover, Plaintiff does not explain how Defendant's conduct constitutes "violations [and] abuse of 1920 Mineral Leasing Act."[72]

Finally, Plaintiff does not explain how any pre-2009 claims would not be barred by prescription. Plaintiff openly acknowledges in her pleadings that she has received royalty payments from British Petroleum since 2005.[73] Thus, any pre-2009 claims she may have are barred. As for her allegations that the royalty payments are insufficient, as noted above, Plaintiff has not given any specifics in this regard. She has not explained how she has arrived at her purported figures nor has she described or even named any of the 136 wells for which she claims royalties, aside from the single property located in Caddo Parish. Thus, despite the repeated efforts through grants of leave to amend complaints, the holding of status conferences, and even *in camera* review of documents—all in an attempt to ascertain Plaintiff's specific allegations—this Court is as unknowledgeable about Plaintiff's claim today as it was when suit first commenced two years ago. Plaintiff has presented absolutely no evidence nor alleged any concrete facts lending credence to her

---

[72] *Id.* at 8.

[73] *Id.* at 21. For completeness' sake, it is noted that Defendant claims Plaintiff has received royalty payments since 2003. *See* Rec. Doc. 64 at 11.

claim that Defendant's payment of over $40,000 to her in royalties since 2005 has been less that she is entitled to under a royalty agreement which Plaintiff has never brought to the Court's attention. In sum, Plaintiff does not allege facts to support causes of actions in her complaint even accounting for the "less stringent standards" accorded *pro se* plaintiffs.[74]

Plaintiff has been given ample opportunity to properly plead her claims, and nothing indicates that Plaintiff will be able to successfully re-plead her claims.

## C. Whether Venue is Proper

Regarding venue, Defendant appears to be correct in its argument that venue in the Eastern District of Louisiana is improper, given that Plaintiff neither resides nor is the purported Trust administered in the Eastern District of Louisiana. However, even if venue were proper, Plaintiff fails to state a claim, as articulated above, and, thus, transfer would be necessary in any event. Moreover, Plaintiff has not alleged sufficient information for the Court to even know where to transfer the case, even if the case did not merit dismissal.

## V. Conclusion

For the foregoing reasons, the Court finds that in her several amended complaints, Plaintiff Brendia Ford has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly,

**IT IS HEREBY ORDERED** that Defendant British Petroleum's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12"[75] is **GRANTED**;

---

[74] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[75] Rec. Doc. 64.

**IT IS FURTHER ORDERED** that Plaintiff Brendia Ford's claims against Defendant British Petroleum are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 17th day of March, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**