## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRENDIA JOYCIA FORD**                          **CIVIL ACTION**

**VERSUS**                                                      **NO. 12-965**

**BRITISH PETROLEUM**                          **SECTION: "G"(2)**

## ORDER

In this action arising from a dispute over mineral extraction royalties, the Court dismissed Plaintiff Brendia Ford's claims with prejudice on March 17, 2014.[1] She appealed, and her appeal was dismissed by the Fifth Circuit on May 29, 2014.[2]  This Order addresses two post-judgment motions still pending in the matter: Ford's "Motion to Leave and Motion to File for a New Trial,"[3] and  Ford's "Motion for Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede [sic] Appeal Bond."[4] Having considered the motions, the memoranda in support, the memoranda in opposition, the Fifth Circuit's order of dismissal, and the applicable law, the Court will deny the motions.

## I. Background

On April 13, 2012, Plaintiff, acting *pro se*, filed a complaint in the above-captioned matter, alleging various violations of law.[5] To address a Rule 12(b) motion filed by Defendant regarding the

---

[1]  Rec. Doc. 101.

[2]  Rec. Doc. 121.

[3]  Rec. Doc. 108.

[4]  Rec. Doc. 109.

[5]  Rec. Doc. 1.

complaint, Plaintiff filed an amended complaint ("Amended Complaint") on July 31, 2012.[6] In response to the Amended Complaint, Defendant filed another Rule 12(b) motion on August 23, 2012.[7] The Court denied that motion without prejudice and stated that Defendant could re-file it if the Court determines that it has subject matter jurisdiction.

On March 8, 2013, the Court issued an Order instructing Plaintiff to amend her Amended Complaint, as the Court could not determine subject matter jurisdiction from it.[8] In lieu of filing an amended complaint, Plaintiff requested the Court to allow her to provide it with potentially privileged or confidential documents.[9] With no objection from Defendant, the Court allowed Plaintiff, at Plaintiff's request, to submit certain documents Plaintiff claimed were confidential to the Court for *in camera* review to determine the basis of Plaintiff's claim, whether she was the proper person to bring these claims, and whether this Court has subject-matter jurisdiction.[10]

On November 27, 2013, the Court granted Plaintiff's Motion for Leave to Amend Complaint[11] and accepted as filed Plaintiff's Second Amended Complaint on that same day.[12] Defendant re-filed its 12(b) motion on December 20, 2013.[13] Plaintiff filed a response in opposition

---

[6] Rec. Doc. 13.

[7] Rec. Doc. 18.

[8] Rec. Doc. 29

[9] Rec. Doc. 30

[10] *Id.*

[11] Rec. Doc 61.

[12] Rec. Doc. 62.

[13] Rec. Doc 64.

to Defendant's motion on January 10, 2014,[14] and asked that her memorandum be construed as yet another amended complaint, her third amended complaint.[15] The Court granted Defendant's 12(b) motion on March 17, 2014, dismissing Plaintiff's claims with prejudice.[16]

Plaintiff filed a Notice of Appeal on April 2, 2014,[17] and then supplemented her Notice of Appeal on April 10, 2014.[18] Also on April 10, 2014, Plaintiff filed a "Motion for Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede [sic] Appeal Bond."[19] On April 16, 2014, Plaintiff filed a "Motion to Leave and Motion to File for a New Trial."[20] Defendant filed oppositions to these motions on April 25, 2014 and May 6, 2014.[21] Plaintiff, with leave of Court, filed replies to Defendant's oppositions on May 20, 2014 and May 21, 2014.[22] Defendant filed a Motion to Supplement Opposition [Record Doc. 110] with Addition of Exhibits"[23] on May 20, 2014, and a "Motion to Supplement Opposition [Record Doc. 111] Regarding Dismissal of Plaintiff's Appeal"[24] on May 23, 2014. The Fifth Circuit dismissed Plaintiff's appeal on May 21,

---

[14] Rec. Doc. 69

[15] *Id.* at 3.

[16] Rec. Doc. 101.

[17] Rec. Doc. 104.

[18] Rec. Doc. 105.

[19] Rec. Doc. 109.

[20] Rec. Doc. 108.

[21] Rec. Doc. 110; Rec. Doc. 111.

[22] Rec. Doc. 117; Rec. Doc. 119.

[23] Rec. Doc. 115.

[24] Rec. Doc. 120.

2014, and that dismissal was entered into this Court's record on May 30, 2014.[25] Plaintiff filed

oppositions to Defendant's motions to supplement on June 24, 2014.[26] On November 10, 2014, The

Court granted Defendant's motion to supplement its opposition to Doc. 110, and denied as moot

Defendant's motion to supplement its opposition to Doc. 111.[27]

## II. Parties' Arguments

**A.      *Plaintiff's "Motion to Stay Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede [sic] Appeal Bond."***

In support of her motion to stay enforcement of this Court's judgment pending appeal,

Plaintiff offers no briefing. Apart from a certificate of service, Plaintiff's filings state the following:

> Pro se Plaintiff respectfully request this Honorable Court to leave to file Plaintiff's Motion to Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede Appeal Bond, on May 14, 2014 at 10:00 o'clock a.m. before the Honorable Judge Nannette Jolivette Brown, United States District Court, Eastern District of Louisiana, 500 Poydras Street, Room C-151, New Orleans, Louisiana, 70130.[28]

> This communication is being sent Certified Restricted Delivered on March 26, 2014, in conjunction Pursuant to Rule 60 of the Federal Rules of civil Procedures. There is also attached an original copy of the Motion and Memorandum enclosed with the filing fee. Please file as expeditiously as possible for the interest of justice. A copy has been sent to the United States Court(s) of Appeal and to the United States Attorney General's Office as requested.[29]

---

[25] Rec. Doc. 121.

[26] Rec. Doc. 122; Rec. Doc. 123.

[27] Rec. Doc. 124.

[28] Rec. Doc. 109 at p. 1.

[29] *Id.* at p. 3.

**B.**    *Defendant's Opposition*

In opposition, Defendant contends that a stay of enforcement would offer Plaintiff no relief, since the Court dismissed Plaintiff's claims.[30] Defendant argues that, to obtain a stay, Plaintiff must post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d), and asserts that Plaintiff has offered "no legal or factual support for her request to be excused from posting such a bond."[31]

**C.**    *Plaintiff's Reply*

In further support of her motion, Plaintiff contends that: (1) Defendant's opposition, filed on May 5, 2014, is "in error and untimely" under Federal Rule of Civil Procedure 9(a)(2)(F);[32] (2) "[a] Federal judgment is not enforceable for ten days following it's entry pursuant to Fed Rules of Civil Procedure 62";[33] (3) "Rule 62(b) gives the Honorable Court authority to stay the underlying judgment while only considering a post-trial motion, not after disposing of that motion";[34] (4) "Plaintiff's claim has been solidified by the United States Department of Treasury Agency Internal Revenue Service . . .[and] Rule 62(e) expressly exempts the United States or an officer or agency "of the United States from posting a supersedeas bond,"[35] and (5) "Federal appellants who cannot post a supersedeas bond may nonetheless obtain a stay pending appeal if the district court, on its discretion consider; that it is warranted."[36]

---

[30]  Rec. Doc. 111 at p. 2.

[31]  *Id.*

[32]  Rec. Doc. 119 at pp. 1–2.

[33]  *Id.* at p. 2.

[34]  *Id.* at p. 3.

[35]  *Id.*

[36]  *Id.* at pp. 4–6.

Plaintiff also appears to contest Defendant's assertion that the Court cannot stay an action that has been dismissed, arguing that:

> [T]he Plaintiff can only interpret that the Honorable Judge's discretion on the issuing of the judgment on March 17, 2013 with only a Rule 12(b)(6) MOTION TO DISMISS to state that, this honorable court does not manifest the claim of the U.S. Department of Treasure and its agency Internal Revenue Service Tax Lien of $9 million plus daily interest to be invalid, moot, in error, how else could this Honorable Court dismiss a Federal Tax Lien on properties that royalties oil, gas, and other minerals was paid to British Petroleum production P.I.C. and Lien taxes charged to Plaintiff only because Plaintiff and the IRREVOCABLE Living Trust are the legal warranted title owners but have not benefited from any of the listed barrels of minerals.[37]

Plaintiff contends, also, that "Our Framers of the United States Constitution Did Not Intend to Grant Despotic Power to Counsel, Attorneys, Prosecutors . . ."[38] In conclusion, Plaintiff poses five rhetorical questions and cites cases addressing the legal standards related to motions to transfer, dismiss, and for relief from judgment under Federal Rule of Civil Procedure 60(b).[39]

### D.  Plaintiff's "Motion to Leave and A Motion to File for a New Trial"

In her "Motion to Leave and Motion to File for a New Trial," Plaintiff contends that: (1) "[t]here are mistake(s) or mistake arising from an oversight or omission found in the reasons for the granting of this MOTION TO DISMISS," and (2) "[t]here is newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) as prescribed by the Federal Rules of Civil Procedure 901;"[40](3) "this was a nonjury trial and no form of impeachment granted as dictated by the PRE TRIAL NOTICE ordered by the Honorable

---

[37] *Id.* at pp. 6–7.

[38] *Id.* at p. 7.

[39] *Id.* at pp. 8–11.

[40] Rec. Doc. 108 at p. 2.

Court;"[41] (4) "the Procedural Background contains an abundance of identified errors, mistake(s) pursuant to Rule 60(a)(b)(1) of the Federal Rules of Civil Procedure," and "[w]hen these are corrected and proof provided to substantiate the authentically, genuine character of the evidence, the Honorable Court will hopefully relief the Plaintiff from the Order and Judgment;"[42] (5) Defendant's arguments supporting the dismissal of her complaint are "totally a mistake, or excusable neglect pursuant to Rule 60(a)(b)(1) of the Federal Rules of Civil Procedure;"[43] (6) this Court has subject matter jurisdiction over her action;[44] (7) venue is proper in this Court;[45] (8) Defendant's arguments that Plaintiff's claims "which remain extremely vague and confusing should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) [are denied, and] Plaintiff has introduced as new evidence that will show validated;"[46] (9) Defendant's prescription arguments are invalid;[47] (10) federal civil rights claims support federal jurisdiction;[48] (11) Defendant filed four motions to dismiss, even though "a party can only have one Rule 12(b) To Dismiss per case"[49]; (12) Defendant failed to comply with discovery requirements and "Pre-Trial scheduling;"[50] (13)

---

[41] *Id.*

[42] *Id.* at pp. 2–3.

[43] *Id.* at p. 3.

[44] *Id.*

[45] *Id.* at p. 4.

[46] *Id.*

[47] *Id.* at p. 5.

[48] *Id.*

[49] *Id.* at p. 6.

[50] *Id.* at p. 7.

Defendant failed to present properties allegedly held by an irrevocable trust during a Merger;[51] (14) Plaintiff was "treated by Counsel for the Defendant as an illiterate species of non-existence" because she was *pro se*, and defense counsel used his status as an attorney "to supersede" her rights.[52]

Plaintiff then includes what appears to be language from an agreement pertaining to land,[53] and further maintains that: (1) "the lack of a non-jury trial impeded the Plaintiff the right to cross-examination;"[54] (2) Plaintiff was denied a jury trial and "by not ever receiving a written response from the Honorable Court"[55]; (3) the Court committed cumulative error;[56] (4) BP "as the chairman of Corporation Headquarters had to file a non-governmental corporate disclosure statement;"[57] (5) "The Lands" were not purchased through the Federal Home Loan Bank;[58] (6) "prescription must surely have ended and Section 28 of General Bradford Lands through an illegal mechanism called allocation."[59]

Based on these arguments and statements, Plaintiff demands "an evidentiary hearing and a New Trial thereafter."[60]

---

[51] *Id.*

[52] *Id.* at p. 8.

[53] *Id.* at p. 10.

[54] *Id.* at p. 12.

[55] *Id.*

[56] *Id.* at p. 14.

[57] *Id.*

[58] *Id.* at p. 15.

[59] *Id.*

[60] *Id.* at p. 16. Plaintiff also encloses an affidavit attesting to the truth of her allegations, a document that appears to memorialize the sale of interests in land, and a letter to "Bach Energy."

E.       *Defendant's Opposition*

In opposition, Defendant contends that Plaintiff's motion is untimely, and that Plaintiff has not pled with particularity the grounds for a new trial.[61]  According to Defendant, Plaintiff's motion is untimely because Rules 50(d) and 59(b) of the Federal Rules of Civil Procedure require that a losing party file a motion for new trial within 28 days of the entry of judgment, while Plaintiff here filed the instant motion 30 days after the entry of judgment.[62] The 28-day time limit, according to Defendant, is jurisdictional, and no extension of the time limit for filing a motion for a new trial is possible.[63] Defendant contends that since Plaintiff filed a notice of appeal and supplemental notice of appeal within 16 and 24 days of the entry of judgment, she "obviously had ample time and resources" to prepare and file a timely motion for new trial.[64]

Defendant further contends that Plaintiff has offered no specific description of the "new evidence" she claims to have, and, further, has not plausibly explained why she "could not have diligently discovered such 'new evidence' earlier."[65]  Moreover, Defendant contends, the Court correctly ruled that a three-year prescriptive period applied to Plaintiff's claims for royalties, and no "new evidence" could plausibly relate to claims that extend beyond the prescriptive period, or to the validity of those claims.[66] Finally, Defendant notes that Plaintiff had at least twenty months

---

[61]  Rec. Doc. 110 at p. 1.

[62]  *Id.* at p. 2.

[63]  *Id.*

[64]  *Id.* at p. 3.

[65]  *Id.* at p. 4.

[66]  *Id.* at p. 5.

during the pendency of the action to "search for additional proof of her alleged claims," and the pending motion does not demonstrate that Plaintiff acted diligently to find such proof.[67]

## F.   *Plaintiff's Reply*

In her reply, Plaintiff contends that: (1) a motion under Federal Rule of Civil Procedure 60(b) must be made within a reasonable time;[68] (2) a motion for a new trial under Federal Rule of Civil Procedure 59 may be granted to "take additional testimony, amend findings of facts and conclusions of law or make new ones, and direct the entry of new judgment;"[69] (3) she has introduced newly discovered evidence;[70] (4) Federal Rule of Civil Procedure 50(d) is not applicable to the present motion;[71] (5) she could have filed for a new trial as late as April 19, 2014, because she did not receive "the mailing from the court" for several days;[72] (6) she has not received some copies of filings from Defendant;[73] (7) she has documents that she will use for impeachment;[74] (8) she will show new evidence showing the appropriate royalties owed;[75] (9) she seeks relief from a judgment or order based on clerical mistakes, oversights, or omissions.[76] Plaintiff makes further arguments

---

[67] *Id.* at pp. 5–6.

[68] Rec. Doc. 117 at pp. 1–2.

[69] *Id.* at p. 2.

[70] *Id.*

[71] *Id.* at p. 3.

[72] *Id.*

[73] *Id.* at p. 4.

[74] *Id.* at p. 6.

[75] *Id.* at p. 8.

[76] *Id.* at p. 9.

regarding: (1) the royalties she is allegedly owed,[77] (2) a $505 money order that was mailed to the

Court and lost;[78] (3) a limit on the number of motions to dismiss a party may file;[79] (4) BP's failure

to disclose its parent company;[80] (5) her  right to go to trial.[81]

### III. Law and Analysis

**A.**     ***Plaintiff's "Motion to Leave and Motion for New Trial"***

In her briefing in support of her  "Motion to Leave and Motion for New Trial,"[82] Plaintiff

cites Federal Rules of Civil Procedure 50(a)(1)(B),[83] 59[84] and 60(a)-(d).[85] She also asserts that

"cumulative error" is present here, and warrants a new trial.[86] Although Plaintiff's briefing related

to the pending motions is barely coherent, a document filed by a *pro se* litigant "is to be liberally

construed,"[87] and the Court will so construe Plaintiff's briefing in this case. Therefore, Court will

---

[77] *Id.* at pp. 11–12.

[78] *Id.* at p. 12.

[79] *Id.* at pp. 12–13.

[80] *Id.* at p. 14.

[81] *Id.* at p. 15.

[82] Rec. Doc.  108.

[83] *Id.* at p. 1.

[84] *See Id.* at pp. 7; 11–13.

[85] *See Id.* at pp. 2–4. Plaintiff also cites to "Civil Procedure Law and Rules (CPLR) § 3211(a) and CPLR § 3211(e)" in support of her argument that Defendant should only have been allowed to file one motion to dismiss under Federal Rule 12(b). This appears to be a citation to § 3211 of the New York State "Civil Practice Law and Rules," which indeed provide, at § 3211(a) that "A party may move for judgment dismissing one or more causes of action asserted against him . . ." and also state, at § 3211(e), that "at any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted." The Court is at a loss to determine why, or how, a New York State procedural statute might be relevant here.

[86] Rec. Doc. 108 at pp. 14–16.

[87] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

construe Plaintiff's motion alternatively as a motion for reconsideration after first considering whether Federal Rules of Civil Procedure 50(a)(1)(B) and 59 are applicable here.

### 1. Federal Rule of Civil Procedure 50(a)(1)

Federal Rule of Civil Procedure 50(a)(1), cited by Plaintiff, provides as follows:

**(a)** **Judgment as a Matter of Law.**

> **(1)** **In General.** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > **(A)** Resolve the issue against the party; and
> >
> > **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable ruling on that issue.

Federal Rule of Civil Procedure 50(a)(1) presupposes that "a party has been fully heard on an issue during a jury trial," and that the Court has found that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Here, the Court dismissed Plaintiff's complaint on a pre-trial motion to dismiss.[88] Therefore, Federal Rule of Civil Procedure 50(a)(1) is inapplicable.

### 2. Federal Rule of Civil Procedure 59

Plaintiff argues that a new trial is warranted here.[89] Federal Rule of Civil Procedure 59 governs new trials, and establishes that "[a] motion for a new trial must be filed no later than 28 days

---

[88] *See Rec.* Doc. 100.

[89] Rec. Doc. 108 at pp. 14–16.

after the entry of judgment."[90] Here, judgment was entered on March 17, 2014.[91] Plaintiff filed her "Motion to Leave and Motion for New Trial" on April 16, 2014.[92]

Under Federal Rule of Civil Procedure 6(a)(1) the Court, when applying Federal Rules of Civil Procedure that establish a time limit denominated in days, is required to: (1) "exclude the day of the event that triggers the period;" (2) "count every day, including intermediate Saturdays, Sundays, and legal holidays;" and (3) "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[93] Under Federal Rule of Civil Procedure 6(b)(2), the Court "must not extend the time to act" under Rule 59(b).

Applying Federal Rule of Civil Procedure 6(a)(1), the time to file a motion for new trial under Federal Rule of Civil Procedure 59 began to run on March 18, 2014, the day after judgment was entered. Counting that day, and every day thereafter, the last day to file a timely motion under Federal Rule of Civil Procedure 59 was April 14, 2014, which is a Monday and not a legal holiday, and thus a proper end-point for the count. Plaintiff did not file her motion within this time-frame; instead, the stamp from the Clerk's office indicates that she filed her motion on April 16, 2014, two days later. Federal Rule of Civil Procedure 6(b)(2) provides that the Court must not deviate from the time limit established by Federal Rule of Civil Procedure 59(b). Therefore, to the extent that Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59, her motion is untimely.

---

[90] Fed. R. Civ. P. 59(b).

[91] Rec. Doc. 101.

[92] Rec. Doc. 108.

[93] Fed. R. Civ. P. 6(a)(1)(A)–(C).

### 3.       Motion for Reconsideration

The Court understands that Plaintiff, broadly speaking, "calls into question the correctness of [the Court's] judgment,"[94] as is done on a motion for reconsideration. The Court will therefore construe her motion as a motion for reconsideration. Although the Fifth Circuit has held that the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*," it has recognized that parties may seek reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) or 60(b).[95]

 Reconsideration is "an extraordinary remedy that should be used sparingly,"[96] and granted only when a motion "clearly establish[es]" that reconsideration is appropriate.[97] This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration.[98] In exercising its discretion, the Court must carefully balance the interests of finality and "the need to render just decisions on the basis of all the facts."[99]

A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[100] Rather, in resolving a motion for reconsideration, this Court considers whether:

---

[94] *In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002).

[95] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994).

[96] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[97] *Schiller v. Phyisicans Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[98] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[99] *Id.*

[100] *Templet,* 367 F.3d at 479.

14

(1) The motion is necessary to correct a manifest error of law or fact upon which the judgment is based.;[101]

(2) The movant presents newly discovered or previously unavailable evidence;[102]

(3) The motion is necessary to prevent manifest injustice;[103] or

(4) The motion is justified by an intervening change in the controlling law.[104]

This Court may resolve a motion for reconsideration after an appeal has been completed,[105] as long as it does not "flout the decision of the appellate court so far as it goes."[106]

Plaintiff's arguments, liberally construed, appear to suggest that the Court should reconsider its judgment of dismissal to correct legal and factual errors and to account for newly discovered evidence. Defendant contends that Plaintiff's motion is untimely and lacks merit.[107] Even if

---

[101] *Templet*, 367 F.3d at 479; *See also Nola Ventures, LLC v. Upshaw Ins. Agency, Inc.*, No. 12-1026, 2014 WL 5429417 at *2 (E.D. La. Oct. 22, 2014) (Brown, J.).

[102] *Id. See also Nola Ventures, LLC v. Upshaw Ins. Agency, Inc.*, No. 12-1026, 2014 WL 5429417 at *2 (E.D. La. Oct. 22, 2014) (Brown, J.).

[103] *Nola Ventures, LLC v. Upshaw Ins. Agency, Inc.*, No. 12-1026, 2014 WL 5429417 at *2 (E.D. La. Oct. 22, 2014) (Brown, J.).

[104] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). *See also Nola Ventures, LLC v. Upshaw Ins. Agency, Inc.*, No. 12-1026, 2014 WL 5429417 at *2 (E.D. La. Oct. 22, 2014) (Brown, J.).

[105] *Standard Oil Co. of Cal. v. U.S.*, 429 U.S. 17, 17–19 (1976) (concluding that the district court may entertain a post-judgment motion under Federal Rule of Civil Procedure 60(b) without obtaining leave from the Supreme Court, because "the appellate mandate [from that court] relates to the record and issues then before the court, and does not purport to deal with possible later events"). *See also Halliburton Energy Serv., Inc. v. NL Indus. Inc.*, 306 Fed App'x 843 (5th Cir. 2009) ("By issuing the mandate, we cede jurisdiction. The district court now has whatever jurisdiction it would have had, absent an appeal, to consider post-judgment motions.").

[106] CHARLES H. WRIGHT, ARTHUR R. MILLER, ET AL. 8 FEDERAL PRACTICE & PROCEDURE § 2873 (3d Ed. 2012).

[107] Rec. Doc. 110 at p. 1.

15

Plaintiff's motion were timely—which, to the extent that falls under Federal Rule of Civil Procedure

59, it is not[108]—the Court finds that it lacks merit, for the reasons set forth below.

### a.    Manifest Errors of Law or Fact

In her briefing, Plaintiff argues that "cumulative error" is present here, and warrants a new

trial,[109] although her arguments on this point consist largely of factual allegations apparently related

to her dismissed claims.[110] She contends that Defendant made "mistaken" assertions in support of

its motion to dismiss, and further denies other assertions Defendant made in connection with that

motion.[111] Plaintiff, apparently referencing the Court's order dismissing her complaint, argues that

"the Procedural Background contains an abundance of identified errors, mistakes pursuant to Rule

60(a)(b)(1) [sic] of the Federal Rules of Civil Procedure."[112] She asserts that Defendant failed to file

corporate disclosures pursuant to Federal Rule of Civil Procedure 7.1,[113] and characterizes

---

[108] *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). As established above, Plaintiff filed the instant motion on April 16, 2014, which is after the close of the 28-day period established by Federal Rules of Civil Procedure 59(b) and 59(e). Under Federal Rule of Civil Procedure 60, motions must be "must be made within a reasonable time" and, in some circumstances, "no more than a year after the entry of the judgment or order or the date of the proceeding."

[109] Rec. Doc. 108 at pp. 14–16. Within the Fifth Circuit, the overwhelming majority of cases discussing "cumulative error" are appealed criminal matters or criminal matters referred to a magistrate judge and subsequently contested before district courts. A handful of reported Fifth Circuit cases address the doctrine in the civil context, albeit concisely. *See, e.g. Lenz v. So. Pac. Co.*, 493 F.2d 471–72 (5th Cir. 1974) (concluding that "the cumulative effect of the alleged errors was not calculated to and did not cause the rendition of an improper judgment."). In the criminal context, at least, the cumulative error doctrine "provides that an aggregation of non-reversible errors (i.e. plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal[;]" the doctrine "justifies reversal only in the unusual case in which synergistic or repetitive error violates the defendant's constitutional right to a fair trial." *U.S. v. Delgado*, 672 F.3d 320, 343-44 (5th Cir. 2012).

[110] *Id.*

[111] *Id.* at pp. 3–6.

[112] *Id.* at p. 3.

[113] *Id.* pp. 14–16.

Defendant's arguments and certain elements of the Court's judgment of dismissal as "mistaken."[114] Plaintiff also asserts that she was denied a jury trial.[115]

To the extent that these arguments suggest that the Court's judgment was somehow erroneous, Plaintiff's arguments fail, as she has failed to identify any "manifest error of law or fact." Instead, she has merely rehashed issues that have already been addressed by this Court, appealed by Ford, and dismissed on appeal. Therefore, she has not clearly established that reconsideration is warranted based on errors of law or fact.

### b.   New Evidence

Plaintiff also contends that the Court should grant relief from its judgment due to "newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[116] Plaintiff maintains that her Notice of Appeal and Supplemental Notice of Appeal contain new evidence, such as documents showing "the royalty interest of .003% being common," and documents showing that Defendant "was located in New Orleans."[117] In *Hesling v. CSX Trans., Inc.*, the Fifth Circuit held that:

> To succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result.[118]

---

[114]  *See, e.g. Id.* at pp. 2–6; 13.

[115]  *Id.* at p. 12.

[116]  Rec. Doc. 108 at p. 2; Rec. Doc. 117 at pp. 2, 5, 8–9; 11.

[117]  *See* Rec. Doc. 117 at pp. 2, 5, 8–9; 11.

[118]  396 F.3d 632, 640 (5th Cir. 2005) (citations omitted).

Plaintiff has not explained why her evidence is newly discovered or that she exercised due diligence in obtaining it, much less that the evidence "clearly would have produced a different result" if she had made it known to the Court before it dismissed her claims.[119] Accordingly, Plaintiff has failed to clearly establish that reconsideration is warranted based on new evidence.

### c.      Other Grounds Asserted

As discussed above, Plaintiff asserts that she is eligible for relief due to "mistakes," including clerical mistakes, oversights, or omissions.[120] To the extent that Plaintiff seeks reconsideration on the basis of "mistake, inadvertence, surprise, or excusable neglect" described in Federal Rule of Civil Procedure 60(b)(1), the Fifth Circuit instructs that she "must make some showing of why [s]he was justified in failing to avoid the mistake or inadvertence."[121] "Insufficient showings for relief" under Federal Rule of Civil Procedure 60(b)(1) "include when the party or attorney did not act diligently to discover the purported mistake."[122]

Before the Court dismissed Plaintiff's claims, Plaintiff had abundant opportunities to gather evidence and correct the deficiencies in her complaint.[123] Plaintiff's briefing, even when construed

---

[119] Rec. Doc. 117 at p. 8.

[120] *Id.* at p. 9. Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Plaintiff has not identified any mistake capable of correction under this Rule.

[121] *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (citation omitted). *See also* CHARLES A. WRIGHT & ARTHUR R. MILLER *ET AL.*, 11 FEDERAL PRACTICE AND PROCEDURE § 2858 (3d. Ed. 2014).

[122] CHARLES A. WRIGHT & ARTHUR R. MILLER *ET AL.*, 11 FEDERAL PRACTICE AND PROCEDURE § 2858 (3d. Ed. 2014).

[123] *See* Rec. Doc. 100 at pp. 13–14 ("[D]espite the repeated efforts through grants of leave to amend complaints, the holding of status conferences, and even *in camera* review of documents—all in an attempt to ascertain Plaintiff's specific allegations—the Court is as unknowledgeable about Plaintiff's claim today as it was when suit first commenced two years ago. Plaintiff has presented absolutely no evidence nor alleged any concrete facts lending credence to her claim that Defendant's payment of over $40,000 in royalties to her since 2005 has been less than she is entitled to under a

liberally, provides the Court with no basis to conclude that these opportunities were insufficient to enable her to avoid or counteract any alleged mistakes, inadvertence, surprise, or excusable neglect. Therefore, to the extent that she seeks relief under Federal Rule of Civil Procedure 60(b)(1), her arguments are unavailing.

      **d.**  **Plaintiff Has Not Clearly Established that Reconsideration is Appropriate**

  Plaintiff has not identified any manifest errors of law or fact upon which the Court's judgment of dismissal is based. Plaintiff insists that she has presented new evidence to the Court, but she has not explained how any of this evidence is actually new. Furthermore, Plaintiff provides the Court with no basis to conclude that its judgment was manifestly unjust, and she does not contend that the Court's judgment has been called into question by intervening changes in the controlling law. She asserts that the Court should reconsider its judgment due to "mistakes," but has not made the showing required to seek relief on this basis. Therefore, she has not clearly established that reconsideration is appropriate, and her motion will be denied.

**B.**  ***"Motion for Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede Appeal Bond"***

  **1.**  **Federal Rule of Civil Procedure 62**

  In a document filed as a "Motion to Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede Appeal Bond,"[124] Plaintiff makes no legal arguments. In her reply in further support of this motion, Plaintiff cites Federal Rule of Civil Procedure 62(a), (b), (d), and (e).

---

royalty agreement which Plaintiff has never brought to the Court's attention.").

[124] Rec. Doc. 109.

Defendant contends that a stay offers no remedy to Plaintiff, since her claims were dismissed with prejudice.[125] The Court need not reach either party's argument. Plaintiff's appeal was dismissed[126] and, for the reasons stated above, her requests for post-judgment relief are unavailing. Therefore, Plaintiff's "Motion to Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede Appeal Bond" is moot.

## IV. Conclusion

Plaintiff's "Motion to Leave and Motion for New Trial" is without merit, even when liberally construed as a motion for reconsideration, and therefore will be denied. Since Plaintiff's appeal has been dismissed, and since her requests for post-judgment relief are denied, Plaintiff's "Motion for Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede Appeal Bond" is moot, and will be denied for that reason. Accordingly**,**

**IT IS HEREBY ORDERED** that Plaintiff Brendia Ford's "Motion to Leave and Motion for New Trial"[127] is **DENIED**;

---

[125] Rec. Doc. 111 at p. 2.

[126] Rec. Doc. 121.

[127] Rec. Doc. 108.

   **IT IS FURTHER ORDERED** that Plaintiff Brendia Ford's "Motion for Stay of Enforcement of Order and Judgment Pending Appeals Without Obligation of Posting Supersede Appeal Bond"[128] is **DENIED AS MOOT.**

   **NEW ORLEANS, LOUISIANA**, this __14th__ day of November, 2014.



   **NANNETTE JOLIVETTE BROWN**
   **UNITED STATES DISTRICT JUDGE**

---

[128] Rec. Doc. 109.